IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CONCERT, | : | Civil No. 3:12-CV-1457 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| NORTHEAST FOSTER CARE, INC., | : | |
| et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

This is a *pro se* civil rights complaint originally brought by Thomas Concert, in the Court of Common Pleas of Luzerne County in 2010. It appears that Concert has twice endeavored in state court to amend to state a valid cause of action prior to the removal of this action top federal court on July 26, 2012. There is now pending before this Court a motion to dismiss the current removed complaint, which is the second amended complaint that Concert has filed in this litigation while it was pending in state court. The Defendants have moved to dismiss this complaint, and September 12, 2012, was the extended deadline upon which Concert was to respond to this motion to dismiss. On September 12, 2012, Concert filed a motion for leave to amend this complaint, once again. (Doc. 13.)

Concert's motion for leave to amend is a prolix, and occasionally unintelligible, 127 page pleading. Despite its extraordinary length, the motion does not comply with Local Rule 15.1 in that it does not attach the Plaintiff's proposed amended complaint for our consideration.

Decisions regarding motions to amend pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons

against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Moreover, a party seeking to supplement pleadings must act in a diligent fashion.  Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002).  Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15 which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).

Viewing this motion in light of these guiding benchmarks, we find that denial of this belated request to amend is fully warranted here. In this regard, we specifically conclude that the delay in moving to amend is now "undue" since "the plaintiff has had [ample] previous opportunities to amend." Moreover, when we "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, as we are required to do, we find that Concert has given an adequate explanation for this delay. Further, we find that permitting this amendment at this late date, after Concert has received two prior opportunities to attempt to amend this complaint, would be "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266. Finally, we note that Concert's failure to comply with Local Rule 15.1 further warrants denial of this request.

Accordingly, for the foregoing reasons, Concert's motion for leave to amend (Doc. 13) is DENIED and Concert is directed to file a response to the pending motion to dismiss on or before **September 21, 2012**.

So ordered this 14th day of September 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge