# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS CONCERT,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:12-1457 |
| v. | : | (MANNION, D.J.)[1] |
| | | (CARLSON, M.J.) |
| | : | |
| **NORTHEAST FOSTER CARE INC.; LOU PALMERI; JUANITA KREIGER,** | : | |
| | : | |
| **Defendants** | | |
| | : | |

## **MEMORANDUM**[2]

Presently before the court is a report and recommendation issued by Judge Martin C. Carlson, (Doc. No. 15). Judge Carlson recommends that the defendants' motion to dismiss, (Doc. No. 4), be granted. Also before the court are the plaintiff's objections to the report and recommendation, (Doc. No. 16). Though the objection's were not timely filed, the court has considered them and will nevertheless adopt the report and recommendation and dismiss all claims.

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 7, 2013, the case has been reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

I.   **BACKGROUND**

The court finds Judge Carlson's statement of the facts of the case to be as coherent and complete as possible given the lack of structure and clarity in the underlying complaint. Therefore, the court will adopt the facts as stated in the report and recommendation. As Judge Carlson describes in his report and recommendation, the plaintiff has brought numerous legal challenges in both state and federal court related to his children's experience in Luzerne County foster care system. The plaintiff's two children, born in 1984 and 1987 respectively, entered the care of Defendant Northeast Foster Care in 1990. The plaintiff's complaint, (Doc. No. 1, Ex. A), states his generalized dissatisfaction with child custody decisions regarding his children, which were made in the 1990s, as well as the level of supervision his children received while in foster care. The defendants filed a motion to dismiss, (Doc. No. 4), citing the lapse of the statute of limitations and the plaintiff's failure to state a claim.

II.  **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a Magistrate Judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (2011). Although the standard is *de novo*, the

extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

Judge Carlson recommends dismissal on three alternative grounds: first, that the defendants' pending motion to dismiss is unopposed; second, that the plaintiff's claims should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41, and; third, that the plaintiff's claims should

3

be dismissed on the merits.

The plaintiff's objections, which were not timely filed, fail to controvert any of the grounds on which Judge Carlson recommends dismissal. The plaintiff moved for a 90 day extension of time to respond to the defendants' motion to dismiss, however, the judge in his discretion directed the plaintiff to file any opposition by September 12, 2013. The plaintiff did not file a brief in opposition to the motion to dismiss and to this date the motion remains unopposed. (Doc. No. 11). Moreover, the plaintiff's failure to comply with the court's order to file a response, in addition to other evidence which was properly considered as part a *Poulis*[3] evaluation, led Judge Carlson to the correct determination that the plaintiff has failed to prosecute his claim. Therefore, either granting the unopposed motion to dismiss or dismissing the complaint for failure to prosecute would be appropriate.

Turning briefly to the merits of the plaintiff's complaint, the plaintiff's objections purport to further explain the grounds on which his claims rest; however, they do little to rectify the key failures of the plaintiff's pleading. In particular, Judge Carlson found that any claims related to custody or the foster care his two children received would have ended when the children reached the age of majority in 2002 and 2005 respectively. Before the case

---

[3] *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1994).

4

was removed to this court, the plaintiff's complaint was filed in the Luzerne County Court of Common Pleas in May 2010, well beyond the two year statue of limitations for §1983 claims. Like the plaintiff's complaint, the plaintiff's objections offer extended discussion of principals of law and sporadic factual narratives, however, they do not address the statute of limitations issue nor do they properly plead any claim on which relief can be granted. Therefore, the court will adopt Judge Carlson's report and recommendation.

## IV. CONCLUSION

Having considered the plaintiff's objections, though they were not timely filed, the court will adopt Judge Carlson's report and recommendation. The defendants' motion to dismiss will be granted. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 22, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1457-01.wpd